UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

LEVI JONES,

        Plaintiff,

vs.

PMG LEASING, LLC,

        Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LEVI JONES ("Mr. Jones" or "Plaintiff") files suit against the Defendant, PMG LEASING, LLC, ("PMG" or "Defendant"), and alleges as follows:

1. Plaintiff brings these claims for disability discrimination against Defendant for its unlawful termination of Plaintiff based upon his disability, or "perceived disability," in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the Florida Civil Rights Act, Chapter 760, FLA. STAT. ("FCRA"), and for breach of contract. Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and his attorneys' fees and costs.

**JURISDICTION**

2. The Court has original jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101 *et seq* and has supplemental jurisdiction over Plaintiff's FCRA and breach of contract claims pursuant to 28 U.S.C. § 1367, as these claims are so related to Plaintiff's ADA claim that it forms part of the same case or controversy, specifically, that Plaintiff

was discriminated against and treated differently than other employees solely because of his disability, and/or "perceived disability."

## VENUE

3. Venue is proper because Defendant is located and conducts substantial business in Broward County, Florida, where the actions at issue took place.

## PARTIES

4. At all times material, Plaintiff was a resident of Broward County, Florida.

5. Plaintiff is protected by the ADA and FCRA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of his disability or "perceived disability" by Defendant; and

    b. Plaintiff suffered an adverse employment action as a result of his disability or "perceived disability."

6. Defendant was at all material times an "employer" as envisioned by the ADA as well as §760.02(7), FLA. STAT.

## CONDITIONS PRECEDENT

7. Plaintiff, on or about January 27, 2021, dual filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant.

8. On or around September 22, 2022, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within ninety (90) days of his receipt of same.

9. Additionally, more than one-hundred-and-eighty (180) days have passed since the filing of Plaintiff's FCRA claims, rendering Plaintiff's FCRA claims ripe for filing.

10. Plaintiff timely files this action within the applicable period of limitations against Defendant.

11. All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

12. Defendant offered to pay a Plaintiff, in exchange for his duties, a base salary of $35,750 per year, and commissions based on apartment units leased. The specifics of this commission package are detailed in the Agreement. *See* Exhibit A.

13. Plaintiff accepted this offer and, in consideration of same, commenced his work with Defendant on this basis.

14. The foregoing created an enforceable written contract under Florida law.

15. Plaintiff performed his duties as a Leasing Agent from October 1, 2019, until his termination on October 16, 2020.

16. During his time with PMG, Mr. Jones was an excellent employee, and had no significant history of attendance, tardiness, or disciplinary issues.

17. Unfortunately, in the summer and fall of 2020, Mr. Jones suffered flareups of ongoing disabilities and chronic, serious health conditions, specifically anxiety, depression, and alcoholism.

18. On September 22, 2020, Mr. Jones informed his PMG Supervisor, Roxie Ransom, that he was suffering these disabilities and chronic, serious health conditions, and that he would seek treatment soon for same.

19. Mr. Jones commenced treatment for his disabilities and chronic, serious health conditions on September 27, 2020, with licensed professionals at Gateway Recovery Center.

20. Ms. Ransom, however, never responded to Mr. Jones's communication of his

disabilities and chronic, serious health conditions.

21. PMG retaliated against Mr. Jones by placing him on forced leave, telling him that he could not return to work until a so-called "internal investigation" was conducted.

22. Mr. Jones was permitted by PMG to return to work on October 4, 2020.

23. Mr. Jones was forced to report to work earlier than his colleagues and to perform menial tasks that his colleagues were not required to perform.

24. Ms. Ransom shifted the more favorable leasing leads to other Agents, such as Julia and Matt.

25. Ms. Ransom had been verbally abusive to Mr. Jones, as well.

26. On October 16, 2020, PMG informed him that it had decided to terminate his employment, effective immediately.

27. The timing of Plaintiff's disability disclosure and request for reasonable accommodation and Defendant' termination of his employment, alone demonstrates a causal and temporal connection between his protected activity and the illegal actions taken against him by Defendant.

28. In reality, Defendant's termination of Mr. Levi stemmed from its discriminatory animus toward his very recent request for accommodation under the ADA and FCRA.

29. Any reason provided by Defendant for its actions is a pretext for discrimination.

30. Defendant does not have a non-discriminatory, and non-retaliatory rationale for terminating Plaintiff's employment.

31. Despite the availability of a reasonable accommodation under the ADA and FCRA, which would not have caused Defendant an undue burden, and despite the fact that Plaintiff was not, and would not be, prevented by his medical condition from completing his assigned job duties,

Defendant discriminated against Plaintiff based on his disability and need for medical treatment/accommodation.

32. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

33. The facts surrounding Plaintiff's termination create a strong inference of disability discrimination in violation of the ADA and FCRA.

34. Mr. Levi is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of his job as a Leasing Agent.

35. Defendant did not have a good faith basis for its actions.

36. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

37. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with a reasonable accommodation.

38. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

39. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

40. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

41. As a result of Defendant' illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

42. Additionally, at the time, in breach of the Agreement, Defendant owed Plaintiff $7,145.00 in commissions.

43. To date, Defendant has failed to pay Plaintiff all commissions due, which Plaintiff earned, pursuant to the Agreement.

44. Plaintiff completed all sufficient work under the Agreement and Florida law to vest his commissions.

45. Defendant's failure to properly pay Plaintiff' earned commissions constitute a material breach of the Agreement under Florida law.

46. Accordingly, in light of the foregoing violations of law and material breaches of the Agreement, Plaintiff have suffered damages, and are entitled to their unpaid wages, commissions, interest, and attorneys' fees and costs pursuant to Section 448.08, Florida Statutes.

47. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## BREACH OF WRITTEN CONTRACT

48. Plaintiff re-alleges and incorporates all of the allegations contained within Paragraphs 1 through 4, 12 through 16, 26, and 42 through 47 above of the Complaint as if fully set forth herein.

49. Plaintiff and Defendant entered into a compensation agreement, as described above, in which Defendant agreed to pay Plaintiff commissions throughout the duration of Plaintiff's employment with Defendant, in exchange for the performance of Plaintiff's work duties for Defendant.

50. Plaintiff performed the necessary work under the Agreement to vest the commissions to which they were contractually entitled, and in consideration of Defendant's offer and Plaintiff' acceptance of same.

51. Defendant breached the parties' Agreement, however, by refusing to pay Plaintiff forcommissions due and owing to him under the Agreement.

52. Plaintiff has been damaged due to Defendant's willful/continued failure to pay Plaintiff the appropriate agreed upon compensation, necessitating this lawsuit.

53. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to costs of this action and reasonable attorneys' fees.

**WHEREFORE**, Plaintiff requests judgment against the Defendant for damages and prejudgment interest, together with costs of suit and reasonable attorney fees, and such other and further relief as this Court may deem just and proper.

## COUNT II
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

54. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 41, and 47, above.

55. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

56. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

57. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

58. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

59. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

60. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT III
## DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

61. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 41, and 47, above.

62. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

63. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

64. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

66. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

67. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT IV
### RETALIATION UNDER THE ADA BASED ON DISABILITY

68. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 41, and 47, above.

69. Plaintiff was terminated within close temporal proximity of his requests for reasonable accommodations based on his disability.

70. Plaintiff's requests for accommodations constituted protected activity under the ADA.

71. Plaintiff was terminated as a direct result of his requests for reasonable accommodations.

72. Plaintiff's requests for reasonable accommodation, and his termination, are causally related.

73. Defendant's stated reasons for Plaintiff's termination are a pretext.

9

74. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

75. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

76. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

77. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 41, and 47, above.

78. Plaintiff was terminated within close temporal proximity of his requests for reasonable accommodations based on his disability.

79. Plaintiff's requests for accommodations constituted protected activity under the FCRA.

80. Plaintiff was terminated as a direct result of his requests for reasonable accommodations.

81. Plaintiff's requests for reasonable accommodation, and his termination, are causally related.

82. Defendant's stated reasons for Plaintiff's termination are a pretext.

83. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

84. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

85. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

86. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 7th day of December, 2022.

                                        Respectfully submitted,

                                        ***/s Noah E. Storch***
                                        Noah E. Storch, Esq.
                                        Florida Bar No. 0085476
                                        Email: noah@floridaovertimelawyer.com
                                        RICHARD CELLER LEGAL, P.A.
                                        10368 W. SR 84, Suite 103
                                        Davie, Florida 33324
                                        Telephone: (866) 344-9243
                                        Facsimile: (954) 337-2771

                                        *Attorneys for Plaintiff*